# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civ. A. No. ) |
| v. | ) **COMPLAINT** ) |
| APPALACHIAN WOOD PRODUCTS, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to the individuals identified below, as well as other presently identified and unidentified individuals. As alleged with greater particularity in paragraph(s) 13 through 33 below, Defendant Appalachian Wood Products, Inc. ("Defendant") subjected a class of individuals to unlawful discrimination on the basis of their actual disabilities or, records of disability, or because they were regarded as disabled; subjected applicants for employment to unlawful pre-offer medical inquiries; and used qualification standards that screened out or tended to screen out individuals with disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania and other jurisdictions.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Pennsylvania corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the city of Clearfield and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5) & (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Brett Daub filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On July 9, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 25, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least October 4, 2016, Defendant has engaged in unlawful employment practices at its facility in Clearfield, Pennsylvania, in violation of Sections 102(a), 102(b)(1), 102(b)(6) and 102(d)(4)(A) of Title I of the ADA, 42 U.S.C. §§12112(a), 12112(b)(1), 12112(b)(6), & 12112(d)(2)(A), that adversely affect job applicants and employees who were subjected to the policies and practices of Defendant. Specifically, Defendant failed to hire job applicants or disqualified employees from particular jobs because of their actual disabilities, records of disability, or because they were regarded as disabled; engaged in unlawful disability-related inquiries/examinations; and used qualification standards that screened out or tended to screen out individuals with disabilities. The unlawful practices include the following:

### Brett Daub

14.     At all relevant times, Brett Daub was a person with a disability under Section 3(1)(B) and (C) of the ADA, 42 U.S.C. § 12102(1)(B) & (C). At the time of his application for employment with Defendant, Daub had a record of a physical impairment, past drug addiction, drug addiction recovery and related treatment, that substantially limited one or more major life activities, and Defendant regarded Daub as having a disability by disqualifying him and denying him hire because of his non-transitory and non-minor impairment, past drug addiction, drug addiction recovery and related medical treatment.

15.     Daub is a recovering drug addict who has been taking prescribed Suboxone as medical treatment for his addiction since 2015.

16.     Prior to beginning treatment with Suboxone, Daub was a regular user of opioid medications for approximately seven years following a back injury. Daub's use of opioids interfered with major life activities such as eating, sleeping and interacting with others. Daub would experience hot flashes and chills, stomach upset, and anxiety attacks.

17.     Daub applied for a position at Defendant's Clearfield, Pennsylvania wood cabinet factory on or about July 7, 2017.

18.     As part of the application process, and before a conditional offer of employment was made, Daub was required to fill out and sign an "Applicant Statement," which contained the following question: "Are you currently taking any medication which impairs either your cognitive ability or your motor function skills?"

19.     Daub answered the question "no," because he had not experienced either impaired cognitive ability or impaired motor function skills as a result of his use of Suboxone.

20.     On July 17, 2017, Daub was given a conditional offer of employment, and was

required to report for a physical examination and drug test that same day.

21. Daub underwent a physical examination by Defendant's contracted medical provider, a chiropractor, which he passed. He also disclosed to the chiropractor, who also conducted the drug test, that he was taking prescription Suboxone.

22. Defendant was informed by the chiropractor that Daub was taking prescribed Suboxone, and withdrew its offer of employment because of Daub's use of that medication.

23. At all relevant times, Defendant maintained and applied a qualification standard that bars job applicants and employees in certain positions who take certain prescribed medications, including but not limited to Suboxone, from working in those positions, without regard to the actual effects of the treatment on the applicant or employee.

24. Defendant refused to hire Daub because he was taking Suboxone to treat his drug addiction, without consideration of how the medication actually affected Daub's ability to safely perform the essential functions of the job.

25. Defendant disqualified Daub and refused to hire him because he was receiving medication treatment for drug addiction.

26. Defendant refused to hire Daub on the basis of his record of a disability, past drug addiction, drug addiction recovery and related medical treatment, and because he was regarded as disabled in violation of Sections 102(a), 102(b)(1), and 102(b)(6) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), and 12112(b)(6).

27. Defendant also refused to hire Daub because of information unlawfully obtained through a pre-offer medical inquiry and because of his record of disability, or because Defendant regarded him as disabled, in violation of Sections 102(a), 102(b)(1), 102(d)(1) and 102(d)(2(A) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(d)(1) and 12112(d)(2)(A).

### Unlawful Pre-Offer Medical Inquiries

28. Since at least October 4, 2016, Defendant has maintained a practice of requiring applicants for employment to disclose use of medications prior to making bona fide offers of employment.

29. Since at least October 4, 2016, Defendant has used the information obtained from unlawful pre-offer medical inquiries in making employment decisions, including refusing to hire individuals into certain jobs and instead assigning them to less desirable positions because of their responses to the unlawful inquiries, in violation of Sections 102(a), 102(b)(1), 102(d)(1) and 102(d)(2)(A) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(d)(1) and 12112(d)(2)(A).

30. Since at least October 4, 2016, Defendant refused to hire into specific jobs a class of presently identified and unidentified job applicants and employees on the basis of information obtained through unlawful medical inquiries and because of those individuals' actual disabilities, records of disability, and because they were regarded as disabled in violation of Sections 102(a), 102(b)(1), 102 (d)(1) and 102(d)(2)(A) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(d)(1) and 12112(d)(2)(A).

### Class of Employees and Job Applicants Disqualified for Specific Jobs Because of Past Drug Addiction, Drug Addiction Recovery, and Treatment for Drug Addiction

31. Since at least October 4, 2016, Defendant maintained and applied a qualification standard that barred job applicants and employees from working in certain positions if they were currently taking prescribed medications for drug addiction treatment, such as Suboxone or methadone, regardless of the actual effect such medications had on the individual job applicants' or employees' ability to safely perform the essential functions of the jobs at issue.

32. Since at least October 4, 2016, Defendant has refused to hire into specific jobs a

class of presently identified and unidentified job applicants and employees with records of disabilities, and whom they regarded as disabled, because of past drug addiction, drug addiction recovery and related treatment, without consideration of whether, or to what extent, those impairments and treatment actually affected their ability to safely perform the essential functions of those positions.

33. Since at least October 4, 2016, Defendant refused to hire into specific jobs a class of presently identified and unidentified job applicants and employees on the basis of records of disabilities, and because they were regarded as disabled in violation of Sections 102(a), 102(b)(1), and 102(b)(6) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), and 12112(b)(6).

34. The effect of the practices complained of in paragraphs 13 through 33 above has been to deprive Brett Daub, and a class of presently identified and unidentified individuals, of equal employment opportunities and otherwise adversely affect their ability to become employees or be hired into specific jobs because of their disabilities and because of Defendant's unlawful use of pre-offer medical inquiries and qualification standards.

35. The unlawful employment practices complained of in paragraphs 13 through 33 above were intentional.

36. The unlawful employment practices complained of in paragraphs 13 through 33 above were done with malice or with reckless indifference to the federally protected rights of Brett Daub, and a class of presently identified and unidentified individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

discrimination by refusing to hire individuals with disabilities, and from maintaining or enforcing qualification standards that screen out or have a tendency to screen out individuals with disabilities, and from conducting unlawful pre-offer medical inquiries.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendant to make whole Brett Daub and a class of presently identified and unidentified individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or reinstatement and front pay.

  D. Order Defendant to make whole Brett Daub and a class of presently identified and unidentified individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 33 above, including but not limited to job search expenses and medical expenses not covered by the Defendant's employee benefit plan, in amounts to be determined at trial.

  E. Order Defendant to make whole Brett Daub and a class of presently identified and unidentified individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 33 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Brett Daub and a class of presently identified and unidentified individuals, punitive damages for malicious and reckless conduct, as described in

paragraphs 13 through 33 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> Respectfully submitted,
>
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
>
> JAMES L. LEE
> ACTING GENERAL COUNSEL
>
> GWENDOLYN YOUNG REAMS
> ASSOCIATE GENERAL COUNSEL
> WASHINGTON, D.C.
>
> DEBRA M. LAWRENCE
> REGIONAL ATTORNEY
> EEOC – Philadelphia District Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> (410) 209-2734
> (410) 962-4270 (facsimile)
> debra.lawrence@eeoc.gov
>
> RONALD L. PHILLIPS
> SUPERVISORY TRIAL ATTORNEY
> EEOC – Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> (410) 209-2737
> (410) 962-4270 (facsimile)
> ronald.phillips@eeoc.gov

_____
DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866/(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov